# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br>HON. CYNTHIA M. RUFE |
| IN RE:  LEVOTHYROXINE CASES | |
| THIS DOCUMENT RELATES TO:<br><br>*ALL DIRECT PURCHASER ACTIONS* | 16-LV-27241 |

## SANDOZ INC.'S ANSWER TO THE LEVOTHYROXINE
## CONSOLIDATED DIRECT PURCHASER CLASS ACTION COMPLAINT

## I.    INTRODUCTION

Defendant Sandoz Inc. ("Sandoz"), by and through its undersigned counsel, and for its Answers to the Levothyroxine Consolidated Direct Purchaser Class Action Complaint (the "Levothyroxine DPP Complaint") filed by Plaintiffs Ahold USA, Inc., César Castillo, Inc., FWK Holdings, L.L.C., KPH Healthcare Services, Inc., a/k/a Kinney Drugs, Inc., and Rochester Drug Co-Operative, Inc., acting on behalf of themselves and all others similarly situated (together "Levothyroxine DPP Putative Class Plaintiffs"), states as follows:

All allegations contained in the Levothyroxine DPP Complaint that are not specifically admitted in this Answer are denied.  Sandoz is not required to respond to the headings, subheadings or footnotes in the Levothyroxine DPP Complaint.  To the extent a response is required, Sandoz denies any assertions in the headings or subheadings of the Levothyroxine DPP Complaint.

## II.    SANDOZ' ANSWERS AND RESPONSES TO THE ALLEGATIONS IN THE LEVOTHYROXINE DPP COMPLAINT

1.    Sandoz admits that certain of the named plaintiffs purchased certain Levothyroxine products directly from Sandoz between January 1, 2010 through December 31, 2016 (the "Relevant Time Period").  Sandoz is without knowledge or information to form a belief regarding direct sales by other Defendants in this litigation to the Levothyroxine DPP Putative Class Plaintiffs.

2.    Sandoz denies each and every allegation set forth in numbered Paragraph 2 of the Levothyroxine DPP Complaint, except it admits that the entry of generic versions of branded drugs typically results in price competition and reductions in prices.

3.    Sandoz denies each and every allegation set forth in numbered Paragraph 3 of the Levothyroxine DPP Complaint, except it admits that the Levothyroxine DPP Putative Class

Plaintiffs purport to seek monetary relief including treble damages.  Sandoz denies that the Levothyroxine DPP Putative Class Plaintiffs are entitled to any such relief.

4.      Sandoz admits that certain government agencies have announced investigations regarding generic pharmaceutical prices, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 4 of the Levothyroxine DPP Complaint.

5.      Sandoz admits that Levothyroxine is a manufactured thyroid hormone.  Sandoz further admits that Levothyroxine is on the World Health Organization's List of Essential Medicines.  Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in numbered Paragraph 5 of the Levothyroxine DPP Complaint.

6.      Sandoz admits the a branded version of Levothyroxine, not a generic version, has been available in the United States for over 50 years, it denies the characterization that Levothyroxine Defendants dominate the market for Levothyroxine, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 6 of the Levothyroxine DPP Complaint.

7.      Sandoz denies each and every allegation set forth in numbered Paragraph 7 of the Levothyroxine DPP Complaint.

8.      Sandoz admits that in March 2016, Sandoz received a subpoena from the Antitrust Division of the Department of Justice requesting documents related to the marketing and pricing of generic pharmaceutical products sold by Sandoz and its affiliates.  Sandoz further admits that other government agencies have announced investigations regarding generic pharmaceutical prices.  Sandoz states that it is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in numbered Paragraph 8 of the Levothyroxine DPP Complaint.

9.      Sandoz admits that certain government agencies have announced investigations regarding generic pharmaceutical prices, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 9 of the Levothyroxine DPP Complaint.

10.     Sandoz admits that the allegations set forth in numbered Paragraph 10 of the Levothyroxine DPP Complaint have been made in the public record, and states that it is without sufficient knowledge to form a belief as to the truth of the underlying substance of the allegations.

11.     Sandoz admits that the quoted language is excerpted from the sources cited by the Levothyroxine DPP Putative Class Plaintiffs, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 11 of the Levothyroxine DPP Complaint.

12.     Sandoz admits that the quoted language is excerpted from the sources cited by the Levothyroxine DPP Putative Class Plaintiffs, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 12 of the Levothyroxine DPP Complaint.

13.     Sandoz admits that certain government agencies have represented that investigations regarding generic pharmaceutical prices are ongoing, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 13 of the Levothyroxine DPP Complaint.

14.     Sandoz denies each and every allegation set forth in numbered Paragraph 14 of the Levothyroxine DPP Complaint.

15.     Sandoz admits that the Levothyroxine DPP Putative Class Plaintiffs, on behalf of themselves and absent direct purchaser class members, purport to seek damages, but it denies that Plaintiffs are entitled to any such relief.  Sandoz denies the remaining allegations contained in numbered Paragraph 15 of the Levothyroxine DPP Complaint.

16.     Sandoz states that numbered Paragraph 16 of the Levothyroxine DPP Complaint states a legal conclusion as to which no response is required.

17.     Sandoz states that numbered Paragraph 17 of the Levothyroxine DPP Complaint states a legal conclusion as to which no response is required.

18.     Sandoz admits that it sold Levothyroxine in the United States, states that certain allegations contained in numbered Paragraph 18 of the Levothyroxine DPP Complaint contain legal conclusions as to which no response is required, and states that it is without knowledge or information sufficient to form a belief regarding the remaining allegations set forth in numbered Paragraph 18 of the Levothyroxine DPP Complaint.

19.     Sandoz states that numbered Paragraph 19 of the Levothyroxine DPP Complaint states a legal conclusion as to which no response is required, but it denies that it was engaged in an unlawful conspiracy to inflate prices for Levothyroxine.

20.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 20 of the Levothyroxine DPP Complaint, except it admits that Ahold may have made purchases of certain Levothyroxine products from Sandoz during the Relevant Time Period.  Sandoz denies that it participated in an

antitrust conspiracy or that Ahold paid supra-competitive prices for, or was injured by, any such purchases from Sandoz.

21.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 21 of the Levothyroxine DPP Complaint. Sandoz denies that it participated in an antitrust conspiracy.

22.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 22 of the Levothyroxine DPP Complaint. Sandoz denies that it participated in an antitrust conspiracy.

23.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 23 of the Levothyroxine DPP Complaint. Sandoz denies that it participated in an antitrust conspiracy.

24.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 24 of the Levothyroxine DPP Complaint. Sandoz denies that it participated in an antitrust conspiracy.

25.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 25 of the Levothyroxine DPP Complaint.

26.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 26 of the Levothyroxine DPP Complaint.

27.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 27 of the Levothyroxine DPP Complaint.

28.    Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 28 of the Levothyroxine DPP Complaint.

29.    Sandoz admits the allegations set forth in numbered Paragraph 29 of the Levothyroxine DPP Complaint.

30.    Sandoz denies each and every allegation set forth in numbered Paragraph 30 of the Levothyroxine DPP Complaint.

31.    Sandoz denies each and every allegation set forth in numbered Paragraph 31 of the Levothyroxine DPP Complaint.

32.    Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 32 of the Levothyroxine DPP Complaint and states that pursuant to Pretrial Order 61, no further amendment of the Levothyroxine DPP Complaint is permitted after December 21, 2018.

33.    Sandoz denies each and every allegation set forth in numbered Paragraph 33 of the Levothyroxine DPP Complaint.

34.    Sandoz denies each and every allegation set forth in numbered Paragraph 34 of the Levothyroxine DPP Complaint.

35.    Sandoz denies each and every allegation set forth in numbered Paragraph 35 of the Levothyroxine DPP Complaint.

36.    Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 36 of the Levothyroxine DPP Complaint.

37.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 37 of the Levothyroxine DPP Complaint with respect to whether Levothyroxine is produced by other Defendants or their affiliates in the United States or overseas, but it admits that Sandoz produced Levothyroxine in the United States or overseas.

38.     Sandoz denies that it sold and distributed Levothyroxine "in a continuous and uninterrupted flow of interstate commerce," but it admits that Sandoz' sales of Levothyroxine in the United States included sales in this District.  Sandoz states that it is without knowledge or information sufficient to form a belief regarding the remaining allegations set forth in numbered Paragraph 38 relating to the other Defendants in this litigation.

39.     Sandoz denies each and every allegation set forth in numbered Paragraph 39 of the Levothyroxine DPP Complaint.

40.     Sandoz denies each and every allegation set forth in numbered Paragraph 40 of the Levothyroxine DPP Complaint.

41.     Sandoz denies each and every allegation set forth in numbered Paragraph 41 of the Levothyroxine DPP Complaint.

42.     Sandoz denies each and every allegation set forth in numbered Paragraph 42 of the Levothyroxine DPP Complaint.

43.     Sandoz admits the allegations set forth in numbered Paragraph 43 of the Levothyroxine DPP Complaint.

44.     Sandoz admits the allegations set forth in numbered Paragraph 44 of the Levothyroxine DPP Complaint.

45.     Sandoz admits the allegations set forth in numbered Paragraph 45 of the Levothyroxine DPP Complaint.

46.     Sandoz generally admits the allegations set forth in numbered Paragraph 46 of the Levothyroxine DPP Complaint, except that it denies that the prices of generic drugs are always "significantly" below those of their brand name equivalents, or that generic drugs in all cases "rapidly" gain market share "immediately" following launch.

47.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 47 of the Levothyroxine DPP Complaint.

48.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 48 of the Levothyroxine DPP Complaint.

49.     Sandoz admits that the allegations set forth in numbered Paragraph 49 of the Levothyroxine DPP Complaint contain a statement published on the FTC website, but denies the substance of the statements, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 49 of the Levothyroxine DPP Complaint.

50.     Sandoz admits that certain of the allegations set forth in numbered Paragraph 50 of the Levothyroxine DPP Complaint have been made in the public record, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 50 of the Levothyroxine DPP Complaint.

51.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 51 of the Levothyroxine DPP Complaint.

52.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 52 of the Levothyroxine DPP Complaint.

53.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 53 of the Levothyroxine DPP Complaint.

54.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 54 of the Levothyroxine DPP Complaint.

55.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 55 of the Levothyroxine DPP Complaint.

56.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 56 of the Levothyroxine DPP Complaint.

57.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 57 of the Levothyroxine DPP Complaint.

58.     Sandoz denies each and every allegation set forth in numbered Paragraph 58 of the Levothyroxine DPP Complaint.

59.     Sandoz denies that there was a "price-fixing conspiracy" and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 59 of the Levothyroxine DPP Complaint.

60.     Sandoz denies each and every allegation set forth in numbered Paragraph 60 of the Levothyroxine DPP Complaint, except it admits that the market for Levothyroxine has several generic competitors.

61.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 61 of the Levothyroxine DPP Complaint.

62.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 62 of the Levothyroxine DPP Complaint.

63.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 63 of the Levothyroxine DPP Complaint, except it admits that according to IMS data, Sandoz' generic Levothyroxine sales in 2014 were approximately the amount indicated in numbered Paragraph 63 of the Levothyroxine DPP Complaint.  However, Sandoz notes that IMS data is not completely accurate, as it does not fully account for rebates and discounts.

64.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 64 of the Levothyroxine DPP Complaint.

65.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 65 of the Levothyroxine DPP Complaint.

66.     Sandoz admits that the prices listed and percentage increases provided in numbered Paragraph 66 of the Levothyroxine DPP Complaint are generally consistent with the available IMS data.  However, Sandoz notes that IMS data is not completely accurate, as it does not fully account for rebates and discounts.

67.     Sandoz denies that the price increases were "drastic" or "hikes" and states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the "Hike Date," but admits that the prices listed and percent increases provided in numbered Paragraph 67 are consistent with the available IMS data.  However, Sandoz notes that IMS data is not completely accurate, as it does not fully account for rebates and discounts.

68.     Sandoz admits that the prices listed and percentage increases provided in numbered Paragraph 68 of the Levothyroxine DPP Complaint are generally consistent with the available IMS data.  However, Sandoz notes that IMS data is not completely accurate, as it does not fully account for rebates and discounts.

69.     Sandoz denies that the prices were "high," "remained so high" or that there was a price fixing conspiracy, and admits that the prices listed and percentage increases provided in numbered Paragraph 69 of the Levothyroxine DPP Complaint are generally consistent with the available IMS data.  However, Sandoz notes that IMS data is not completely accurate, as it does not fully account for rebates and discounts.

70.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 70 of the Levothyroxine DPP Complaint.

71.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 71 of the Levothyroxine DPP Complaint.

72.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 72 of the Levothyroxine DPP Complaint.

73.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 73 of the Levothyroxine DPP Complaint.

74.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 74 of the Levothyroxine DPP Complaint.

75.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 75 of the Levothyroxine DPP Complaint.

76.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 76 of the Levothyroxine DPP Complaint.

77.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 77 of the Levothyroxine DPP Complaint.

78.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 78 of the Levothyroxine DPP Complaint.

79.     Sandoz denies each and every allegation set forth in numbered Paragraph 79 of the Levothyroxine DPP Complaint.

80.     Sandoz denies each and every allegation set forth in numbered Paragraph 80 of the Levothyroxine DPP Complaint.

81.     Sandoz denies each and every allegation set forth in numbered Paragraph 81 of the Levothyroxine DPP Complaint, except it states that it is without knowledge or information sufficient to form a belief as to the truth regarding changes in cost, supply, and demand of Levothyroxine generally.

82.     Sandoz admits that Levothyroxine is not currently listed on the ASHP Current and Resolved Shortage Bulletins.  Sandoz denies that the pricing for Levothyroxine was supra-competitive, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in numbered Paragraph 82 of the Levothyroxine DPP Complaint, such as whether other Defendants reported drug shortages or supply disruptions to the FDA.

83.     Sandoz denies each and every allegation set forth in numbered Paragraph 83 of the Levothyroxine DPP Complaint.

84.      Sandoz denies each and every allegation set forth in numbered Paragraph 84 of the Levothyroxine DPP Complaint.

85.      Sandoz denies each and every allegation set forth in numbered Paragraph 85 of the Levothyroxine DPP Complaint.

86.      Sandoz denies each and every allegation set forth in numbered Paragraph 86 of the Levothyroxine DPP Complaint.

(a)      Sandoz denies each and every allegation set forth in numbered Paragraph 86(a) of the Levothyroxine DPP Complaint.

(b)      Sandoz denies each and every allegation set forth in numbered Paragraph 86(b) of the Levothyroxine DPP Complaint.

(c)      Sandoz denies each and every allegation set forth in numbered Paragraph 86(c) of the Levothyroxine DPP Complaint.

(d)      Sandoz denies each and every allegation set forth in numbered Paragraph 86(d) of the Levothyroxine DPP Complaint.

(e)      Sandoz denies each and every allegation set forth in numbered Paragraph 86(e) of the Levothyroxine DPP Complaint.

(f)      Sandoz denies each and every allegation set forth in numbered Paragraph 86(f) of the Levothyroxine DPP Complaint.

(g)      Sandoz denies each and every allegation set forth in numbered Paragraph 86(g) of the Levothyroxine DPP Complaint.

87.      Sandoz denies each and every allegation set forth in numbered Paragraph 87 of the Levothyroxine DPP Complaint.

88.     Sandoz denies each and every allegation set forth in numbered Paragraph 88 of the Levothyroxine DPP Complaint.

89.     Sandoz admits that the language is quoted from the sources cited by the Levothyroxine DPP Putative Class Plaintiffs, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 89 of the Levothyroxine DPP Complaint.

90.     Sandoz denies each and every allegation set forth in numbered Paragraph 90 of the Levothyroxine DPP Complaint, except it admits that Sandoz may have been a member of trade associations and certain employees attended trade association meetings during the Relevant Time Period.

91.     Sandoz admits that the text quoted in numbered Paragraph 91 of the Levothyroxine DPP Complaint consists of statements contained on the GPhA website, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

92.     Sandoz admits that the text quoted in numbered Paragraph 92 of the Levothyroxine DPP Complaint consists of statements contained on the GPhA website, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

93.     Sandoz admits that, to the best of its knowledge and based on the information currently available to it in this MDL, it may have been a member of the GPhA during the Relevant Time Period, admits that the text quoted in numbered Paragraph 93 of the Levothyroxine DPP Complaint consists of statements contained on the GPhA website, and states that it is without knowledge or information sufficient to form a belief as to the truth of the

statements contained therein or the truth of the allegations as to the other Defendants in this litigation

94.        Sandoz states that, except as provided in each subsection below, it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 94 of the Levothyroxine DPP Complaint.

(a)        Sandoz admits that, to the best of its knowledge, based on the information currently available to it, Don DeGolyer was a member of the Board of Directors of GPhA in 2012.  Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 94(a) of the Levothyroxine DPP Complaint.

(b)        Sandoz admits that, to the best of its knowledge, based on the information currently available to it, Don DeGolyer was a member of the Board of Directors of GPhA in 2013.  Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 94(b) of the Levothyroxine DPP Complaint.

(c)        Sandoz admits that, to the best of its knowledge, based on the information currently available to it, Peter Goldschmidt was a member of the Board of Directors of GPhA in 2014.  Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 94(c) of the Levothyroxine DPP Complaint.

(d)        Sandoz admits that, to the best of its knowledge, based on the information currently available to it, Peter Goldschmidt was a member of the Board of Directors of GPhA in 2015.  Sandoz states that it is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations set forth in numbered Paragraph 94(d) of the Levothyroxine DPP Complaint.

(e)     Sandoz admits that, to the best of its knowledge, based on the information currently available to it, Peter Goldschmidt was a member of the Board of Directors of GPhA in 2016.  Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 94(e) of the Levothyroxine DPP Complaint.

95.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 95 of the Levothyroxine DPP Complaint.

96.     Sandoz admits that the allegations set forth in numbered Paragraph 96 of the Levothyroxine DPP Complaint generally describe the NACDS, but states that it is without knowledge or information sufficient to form a belief as to the truth of the substance of that description.

97.     Sandoz admits that the allegations set forth in numbered Paragraph 97 of the Levothyroxine DPP Complaint consist of selected text and information from the HDMA's website, and Sandoz admits that it may have been a member of HDMA/HDA during the Relevant Time Period.  Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the substance of quoted text or the remaining allegations set forth in numbered Paragraph 97 of the Levothyroxine DPP Complaint.

98.     Sandoz admits that the allegations set forth in numbered Paragraph 98 of the Levothyroxine DPP Complaint consist of selected text from the ECRM website, but states that it

is without knowledge or information sufficient to form a belief as to the truth of the substance of that text.

99.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 99 of the Levothyroxine DPP Complaint.

100.     Sandoz admits that certain employees attended events of the organization named in numbered Paragraph 100 of the Levothyroxine DPP Complaint during the Relevant Time Period.  Sandoz states that it is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in numbered Paragraph 100 of the Levothyroxine DPP Complaint.

101.     Except as otherwise admitted below, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 101 of the Levothyroxine DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, the organizations listed held meetings during the Relevant Time Period.

102.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 102 of the Levothyroxine DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on October 1-3, 2012, GPhA held its Annual Meeting in Bethesda, Maryland, and that certain Sandoz employees likely attended this event.

103.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 103 of the Levothyroxine DPP Complaint, except it admits that, to the best of its knowledge, based on the information

currently available to it in this MDL, on February 20-22, 2013, GPhA held its annual meeting in Orlando, Florida, and that, as provided in subsection "b" below, certain Sandoz employees likely attended this event.

(a)     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 103(a) of the Levothyroxine DPP Complaint.

(b)     Sandoz admits that, to the best of its knowledge and based on the information currently available to it in this MDL, the employee listed in numbered Paragraph 103(b) of the Levothyroxine DPP Complaint likely attended the above-referenced event.

104.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 104 of the Levothyroxine DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on April 20-23, 2013, NACDS held its 2013 Annual Meeting in Palm Beach, Florida, and that, as provided in subsection "b" below, certain Sandoz employees likely attended this event.

(a)     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 104(a) of the Levothyroxine DPP Complaint.

(b)     Sandoz admits that, to the best of its knowledge and based on the information currently available to it in this MDL, the employees listed in numbered Paragraph 104(b) of the Levothyroxine DPP Complaint likely attended the above-referenced event.

105.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 105 of the Levothyroxine

DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on June 2-5, 2013, HDMA held its Business Leadership Conference in Orlando, Florida, and that, as provided in subsection "c" below, certain Sandoz employees likely attended this event.

(a)     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 105(a) of the Levothyroxine DPP Complaint.

(b)     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 105(b) of the Levothyroxine DPP Complaint.

(c)     Sandoz admits that, to the best of its knowledge and based on the information currently available to it in this MDL, certain of its employees likely attended the above-referenced event, but states that it is without knowledge or information sufficient to form a belief as to whether Alan Ryan and Dawn Doggett were among those who attended.

106.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 106 of the Levothyroxine DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on June 4-5, 2013, GPhA held a meeting in Bethesda, Maryland, and that certain Sandoz employees likely attended this event.

107.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 107 of the Levothyroxine DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on August 10-13, 2013, NACDS held its 2013 Total Store

Expo at the Sands Expo and Convention Center in Las Vegas, Nevada, and that, as provided in subsection "c" below, certain Sandoz employees likely attended this event.

(a)     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 107(a) of the Levothyroxine DPP Complaint.

(b)     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 107(b) of the Levothyroxine DPP Complaint.

(c)     Sandoz admits that, to the best of its knowledge and based on the information currently available to it in this MDL, the employees listed in numbered Paragraph 107(c) of the Levothyroxine DPP Complaint likely attended the above-referenced event.

108.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 108 of the Levothyroxine DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on October 28-30, 2013, GPhA held a meeting in Bethesda, Maryland, and that certain Sandoz employees likely attended the October 28-30, 2013 GPhA Meeting.

109.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 109 of the Levothyroxine DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on December 3, 2013, NACDS held its Foundation Reception Dinner, and that, as provided in subsection "b" below, certain Sandoz employees likely attended this event.

(a)     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 109(a) of the Levothyroxine DPP Complaint.

(b)     Sandoz admits that, to the best of its knowledge and based on the information currently available to it in this MDL, the employees listed in numbered Paragraph 109(b) of the Levothyroxine DPP Complaint likely attended the above-referenced event, except it states that it is without knowledge or information sufficient to form a belief as to whether Kirko Kirkov was among those employees who attended.

110.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 110 of the Levothyroxine DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on February 19-21, 2014, GPhA held its Annual Meeting in Orlando, Florida, and that, as provided in subsection "b" below, certain Sandoz employees likely attended this event.

(a)     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 110(a) of the Levothyroxine DPP Complaint.

(b)     Sandoz admits that, to the best of its knowledge and based on the information currently available to it in this MDL, certain of its employees likely attended the above-referenced event, except it states that it is without knowledge or information sufficient to form a belief as to whether Carlos Sattler was among those employees who attended.

111.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 111 of the Levothyroxine

DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, the events described in numbered Paragraph 111 of the Levothyroxine DPP Complaint took place on the dates and at the location described in that numbered Paragraph, and that, as provided in subsection "b" below, certain Sandoz employees likely attended this event.

(a)     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 111(a) of the Levothyroxine DPP Complaint.

(b)     Sandoz admits that, to the best of its knowledge and based on the information currently available to it in this MDL, the employees listed in numbered Paragraph 111(b) of the Levothyroxine DPP Complaint likely attended the above-referenced event.

112.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 112 of the Levothyroxine DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on April 1, 2014, HDMA held its Sixth Annual CEO Roundtable Fundraiser in New York, New York.

(a)     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 112(a) of the Levothyroxine DPP Complaint.

(b)     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 112(b) of the Levothyroxine DPP Complaint.

113.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 113 of the Levothyroxine DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on April 26-29, 2014, NACDS held its 2014 annual meeting in Scottsdale, Arizona, and that, as provided in subsection "b" below, certain Sandoz employees likely attended this event.

(a)     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 113(a) of the Levothyroxine DPP Complaint.

(b)     Sandoz admits that, to the best of its knowledge and based on the information currently available to it in this MDL, the employees listed in numbered Paragraph 113(b) of the Levothyroxine DPP Complaint likely attended the above-referenced event.

114.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 114 of the Levothyroxine DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on June 1-4, 2014, the HDMA held a Business Leadership Conference at the JW Marriott Desert Ridge in Phoenix, Arizona, and that, as provided in subsection "c" below, certain Sandoz employees likely attended this event.

(a)     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 114(a) of the Levothyroxine DPP Complaint.

(b)     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 114(b) of the Levothyroxine DPP Complaint.

(c)     Sandoz admits that, to the best of its knowledge and based on the information currently available to it in this MDL, the employees listed in numbered Paragraph 114(c) of the Levothyroxine DPP Complaint likely attended the above-referenced event.

115.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 115 of the Levothyroxine DPP Complaint.

116.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 116 of the Levothyroxine DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on August 23-26, 2014, NACDS held its 2014 Total Store Expo at the Boston Convention Center in Boston, Massachusetts, and that, as provided in subsection "c" below, certain Sandoz employees likely attended this event.

(a)     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 116(a) of the Levothyroxine DPP Complaint.

(b)     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 116(b) of the Levothyroxine DPP Complaint.

(c)     Sandoz admits that, to the best of its knowledge and based on the information currently available to it in this MDL, the employees listed in numbered Paragraph 116(c) of the Levothyroxine DPP Complaint likely attended the above-referenced event.

117.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 117 of the Levothyroxine DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on December 3, 2014, NACDS held its Foundation Reception Dinner.

(a)     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 117(a) of the Levothyroxine DPP Complaint.

(b)     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 117(b) of the Levothyroxine DPP Complaint.

118.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 118 of the Levothyroxine DPP Complaint, except that it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on June 9-10, 2015, GPhA held a meeting in Bethesda, Maryland, and that certain Sandoz employees likely attended the June 9-10, 2015 GPHA meeting.

119.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 119 of the Levothyroxine DPP Complaint.

120.     Sandoz denies each and every allegation set forth in numbered Paragraph 120 of the Levothyroxine DPP Complaint.

121.     Sandoz denies each and every allegation set forth in numbered Paragraph 121 of the Levothyroxine DPP Complaint.

122.     Sandoz denies each and every allegation set forth in numbered Paragraph 122 of the Levothyroxine DPP Complaint, except it admits that its headquarters are located in New Jersey.

123.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 123 of the Levothyroxine DPP Complaint, except it denies that its employees met with competitors and discussed competitively sensitive information at any such events described.

124.     Sandoz denies each and every allegation set forth in numbered Paragraph 124 of the Levothyroxine DPP Complaint.

125.     Sandoz denies each and every allegation set forth in numbered Paragraph 125 of the Levothyroxine DPP Complaint.

126.     Sandoz denies each and every allegation set forth in numbered Paragraph 126 of the Levothyroxine DPP Complaint.

127.     Sandoz denies each and every allegation set forth in numbered Paragraph 127 of the Levothyroxine DPP Complaint.

128.     Sandoz admits that the allegations set forth in numbered Paragraph 128 of the Levothyroxine DPP Complaint consist of public statements made during Lannett's February 7, 2013 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

129.      Sandoz admits that the allegations set forth in numbered Paragraph 129 of the Levothyroxine DPP Complaint consist of public statements made during Lannett's September 10, 2013 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

130.      Sandoz admits that the allegations set forth in numbered Paragraph 130 of the Levothyroxine DPP Complaint consist of public statements made during Lannett's September 10, 2013 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

131.      Sandoz admits that the allegations set forth in numbered Paragraph 131 of the Levothyroxine DPP Complaint consist of public statements made during Lannett's September 10, 2013 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

132.      Sandoz admits that the allegations set forth in numbered Paragraph 132 of the Levothyroxine DPP Complaint consist of public statements made during Lannett's November 7, 2013 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.  Sandoz states that is without knowledge or information sufficient to form a belief as to the truth regarding Levothyroxine price increases during the approximate time period specified in Paragraph 132 of the Levothyroxine DPP Complaint.

133.      Sandoz admits that the allegations set forth in numbered Paragraph 133 of the Levothyroxine DPP Complaint consist of public statements made during Lannett's November 7, 2013 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

134.     Sandoz admits that the allegations set forth in numbered Paragraph 134 of the Levothyroxine DPP Complaint consist of public statements made during Lannett's February 6, 2014 and May 7, 2014 earnings calls, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

135.     Sandoz admits that the allegations set forth in numbered Paragraph 135 of the Levothyroxine DPP Complaint consist of public statements made during Lannett's November 3, 2014 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

136.     Sandoz admits that the allegations set forth in numbered Paragraph 136 of the Levothyroxine DPP Complaint consist of public statements made during Lannett's November 3, 2014 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

137.     Sandoz admits that the allegations set forth in numbered Paragraph 137 of the Levothyroxine DPP Complaint consist of public statements made during Lannett's February 4, 2015 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

138.     Sandoz admits that the allegations set forth in numbered Paragraph 138 of the Levothyroxine DPP Complaint consist of public statements made during Lannett's February 4, 2015 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

139.     Sandoz admits that the allegations set forth in numbered Paragraph 139 of the Levothyroxine DPP Complaint consist of public statements made during Lannett's August 25,

2015 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

140.     Sandoz admits that the allegations set forth in numbered Paragraph 140 of the Levothyroxine DPP Complaint generally consist of public statements made during Lannett's August 23, 2016 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein, and denies Levothyroxine DPP Putative Class Plaintiffs' characterizations of the public statements made during Lannett's August 23, 2016 earnings call.

141.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained in numbered Paragraph 141 of the Levothyroxine DPP Complaint.

142.     Sandoz admits that the allegations set forth in numbered Paragraph 142 of the Levothyroxine DPP Complaint consist of public statements made during Mylan's October 25, 2012 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

143.     Sandoz admits that the allegations set forth in numbered Paragraph 143 of the Levothyroxine DPP Complaint consist of public statements made during Mylan's February 27, 2013 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

144.     Sandoz admits that the allegations set forth in numbered Paragraph 144 of the Levothyroxine DPP Complaint consist of public statements made during Mylan's May 2, 2013 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

145.     Sandoz admits that the allegations set forth in numbered Paragraph 145 of the Levothyroxine DPP Complaint consist of public statements made during Mylan's May 1, 2014 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

146.     Sandoz admits that the allegations set forth in numbered Paragraph 146 of the Levothyroxine DPP Complaint consist of public statements made during Mylan's Q2 2014 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

147.     Sandoz admits that the allegations set forth in numbered Paragraph 147 of the Levothyroxine DPP Complaint consist of public statements made during Mylan's October 30, 2015 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

148.     Sandoz admits that the allegations set forth in numbered Paragraph 148 of the Levothyroxine DPP Complaint consist of public statements made during Mylan's October 30, 2015 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

149.     Sandoz admits that the allegations set forth in numbered Paragraph 149 of the Levothyroxine DPP Complaint consist of public statements made during Mylan's February 10, 2016 earnings call, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

150.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained in numbered Paragraph 150 of the Levothyroxine DPP Complaint.

151.     Sandoz admits the allegations set forth in numbered Paragraph 151 of the Levothyroxine DPP Complaint.

152.     Sandoz admits the allegations set forth in numbered Paragraph 152 of the Levothyroxine DPP Complaint.

153.     Sandoz admits the allegations set forth in numbered Paragraph 153 of the Levothyroxine DPP Complaint.

154.     Sandoz admits that the allegations set forth in numbered Paragraph 154 of the Levothyroxine DPP Complaint consist of statements contained in an article by Ed Silverman, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

155.     Sandoz admits that the allegations set forth in numbered Paragraph 155 of the Levothyroxine DPP Complaint consist of statements contained in an article by Liam Vaughan and Jered S. Hopkins, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

156.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 156 of the Levothyroxine DPP Complaint.

157.     Sandoz admits that the allegations set forth in numbered Paragraph 157 of the Levothyroxine DPP Complaint consist of public statements made in a press release issued by the Pennsylvania Medical Society, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

158.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 158 of the Levothyroxine DPP Complaint.

159.     Sandoz admits that the allegations set forth in numbered Paragraph 159 of the Levothyroxine DPP Complaint consist of public statements made in a press release issued by Senator Sanders and Representative Cummings, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

160.     Sandoz admits that the allegations set forth in numbered Paragraph 160 of the Levothyroxine DPP Complaint consist of statements made by Senator Sanders and Representative Cummings, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

161.     Sandoz admits that the allegations set forth in numbered Paragraph 161 of the Levothyroxine DPP Complaint consist of excerpts from letters between Senator Sanders and Representative Cummings and the Office of the Inspector General, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

162.     Sandoz admits that the allegation set forth in numbered Paragraph 162 of the Levothyroxine DPP Complaint consists of an excerpt from the GAO's August 2016 report.

163.     Sandoz admits the allegations set forth in numbered Paragraph 163 of the Levothyroxine DPP Complaint, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the date that DOJ opened a criminal investigation or empaneled a grand jury.

164.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 164 of the Levothyroxine DPP Complaint, except it admits that the quoted text is taken from the cited *Bloomberg* article, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

165.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 165 of the Levothyroxine DPP Complaint.

166.     Sandoz admits that the allegations set forth in numbered Paragraph 166 of the Levothyroxine DPP Complaint generally consist of public statements made in Lannett's press release and SEC filing, but notes that the July 16, 2014 press release does not specifically reference "a contract, combination or conspiracy in restraint of trade or commerce".  Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

167.     Sandoz admits that the allegations set forth in numbered Paragraph 167 of the Levothyroxine DPP Complaint consist of public statements made in Mylan's SEC filing, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

168.     Sandoz admits that the allegations set forth in numbered Paragraph 168 of the Levothyroxine DPP Complaint consist of public statements made in Mylan's SEC filing, but states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

169.     Sandoz admits the allegations contained in numbered Paragraph 169 of the Levothyroxine DPP Complaint.

170.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 170 of the Levothyroxine DPP Complaint.

171.     Sandoz admits that the allegations set forth in numbered Paragraph 171 of the Levothyroxine DPP Complaint consist of excerpts from Chapter 3 of the 2014 edition of the DOJ's Antitrust Division Manual, but states that it is without knowledge or information sufficient to form a belief as to the application of those excerpts to this case.

172.     Sandoz denies each and every allegation set forth in numbered Paragraph 172 of the Levothyroxine DPP Complaint.

173.     Sandoz admits that the allegations set forth in numbered Paragraph 173 of the Levothyroxine DPP Complaint consist of statements made available on the DOJ's website, but states that it is without knowledge or information sufficient to form a belief as to the application of those statements to this case.

174.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 174 of the Levothyroxine DPP Complaint.

175.     Sandoz admits that the allegations set forth in numbered Paragraph 175 of the Levothyroxine DPP Complaint consist of statements made during a January 9, 2017 Plea Hearing, but states that it is without knowledge or information sufficient to form a belief as to the truth of those statements or the truth of the remaining allegations in that Paragraph.

176.     Sandoz admits that the DOJ has intervened in MDL 2724, and admits that the allegations set forth in numbered Paragraph 176 of the Levothyroxine DPP Complaint consist of statements made in the DOJ's Motion to Stay Discovery, but states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the DOJ's investigation, and it denies the substance of the statements regarding the existence of an antitrust conspiracy.

177.     Sandoz admits that the allegations set forth in numbered Paragraph 177 of the Levothyroxine DPP Complaint consist of public statements made in the DOJ's Spring 2017 Division Update, but it denies the substance of the statements relating to alleged collusion.

178.     Sandoz admits that the allegations set forth in numbered Paragraph 178 of the Levothyroxine DPP Complaint consist of statements made in the States' original complaint, *The Connecticut Mirror* and by Connecticut Attorney General George Jepsen, but it denies the substance of the statements.

179.     Sandoz admits that the allegations set forth in numbered Paragraph 179 of the Levothyroxine DPP Complaint consist of public statements made by Connecticut Attorney General George Jepsen, but states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the scope of the Connecticut Attorney General's investigation, and it denies the substance of the statements.

180.     Sandoz admits that the allegations set forth in numbered Paragraph 180 of the Levothyroxine DPP Complaint consist of statements made in the States' filings in this MDL, but it denies the substance of the statements.

181.     Sandoz admits that the allegations set forth in numbered Paragraph 181 of the Levothyroxine DPP Complaint consist of public statements made by Connecticut Assistant Attorney General W. Joseph Nielsen, but it denies the substance of the statements.

182.     Sandoz admits that the allegations set forth in numbered Paragraph 182 of the Levothyroxine DPP Complaint consist of public statements made by former New York Attorney General Eric T. Schneiderman, but it denies the substance of the statements.

183.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 183 of the Levothyroxine DPP Complaint, except it admits that the DOJ and States have represented that their investigations are ongoing.

184.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 184 of the Levothyroxine DPP Complaint.

185.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 185(1)-(10) of the Levothyroxine DPP Complaint.

186.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 186 of the Levothyroxine DPP Complaint.

187.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 187 of the Levothyroxine DPP Complaint.

188.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 188 of the Levothyroxine DPP Complaint.

189.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 189 of the Levothyroxine DPP Complaint.

190.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 190 of the Levothyroxine DPP Complaint.

191.     Sandoz admits that, to the best of its knowledge, lead counsel for the Levothyroxine DPP Putative Class Plaintiffs are experienced and competent antitrust class action attorneys.

192.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 192 of the Levothyroxine DPP Complaint.

193.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 193 of the Levothyroxine DPP Complaint.

194.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 194 of the Levothyroxine DPP Complaint.

195.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 195 of the Levothyroxine DPP Complaint.

196.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 196 of the Levothyroxine DPP Complaint, except it admits that certain named plaintiffs purchased certain Levothyroxine products directly from Sandoz during the Relevant Time Period.

197.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 197 of the Levothyroxine DPP Complaint.

198.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 198 of the Levothyroxine DPP Complaint.

199.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 199 of the Levothyroxine DPP Complaint.

200.     Numbered Paragraph 200 of the Levothyroxine DPP Complaint states a legal conclusion to which no response is required.

201.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 201 of the Levothyroxine DPP Complaint.

202.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 202 of the Levothyroxine DPP Complaint.

203.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 203 of the Levothyroxine DPP Complaint.

204.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 204 of the Levothyroxine DPP Complaint.

205.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 205 of the Levothyroxine DPP Complaint.

206.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 206 of the Levothyroxine DPP Complaint.

207.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 207 of the Levothyroxine DPP Complaint.

208.     Sandoz denies each and every allegation and legal conclusion set forth in numbered Paragraph 208 of the Levothyroxine DPP Complaint.

### III.     SANDOZ' RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

209.     Sandoz denies that the Levothyroxine DPP Putative Class Plaintiffs are entitled to any relief.

### IV.     SANDOZ' RESPONSE TO PLAINTIFFS' JURY TRIAL DEMAND

210.     No response is necessary to the Levothyroxine DPP Putative Class Plaintiffs' demand for a trial by jury.

## V.     SANDOZ' AFFIRMATIVE DEFENSES

### First Defense

211.     The Levothyroxine DPP Complaint fails to state a claim against Sandoz upon which relief can be granted.

### Second Defense

212.     The Levothyroxine DPP Putative Class Plaintiffs' claims are barred, in whole or in part, because they lack Article III and statutory standing to assert their claims.

### Third Defense

213.     The Levothyroxine DPP Putative Class Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### Fourth Defense

214.     The Levothyroxine DPP Putative Class Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate damages, if any, allegedly suffered as a result of the conduct they allege.

### Fifth Defense

215.     The Levothyroxine DPP Putative Class Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

### Sixth Defense

216.     The Levothyroxine DPP Putative Class Plaintiffs' claims against Sandoz are barred because the Levothyroxine DPP Putative Class Plaintiffs have not suffered any antitrust injury.

### Seventh Defense

217.     The Levothyroxine DPP Putative Class Plaintiffs' claims against Sandoz are barred because the Levothyroxine DPP Putative Class Plaintiffs' alleged damages, if any, are speculative and uncertain.

### Eighth Defense

218.     The Levothyroxine DPP Putative Class Plaintiffs' claims against Sandoz are barred because the relief sought is broader than what is necessary to remedy the alleged harm.

### Ninth Defense

219.     This action may not be maintained as a class action.

### Reservation of Defenses and Affirmative Defenses

220.     Sandoz hereby gives notice that it intends to assert and rely upon such other defenses and affirmative defenses that may become available or apparent as this action proceeds, and thus reserves the right to amend this Answer to assert such defenses.

Dated:  March 15, 2019

/s/ Saul P. Morgenstern
Saul P. Morgenstern
Margaret A. Rogers
Amanda C. Croushore
Kathryn L. Rosenberg
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York  10019
Tel:  (212) 836-8000
Fax:  (212) 836-8689
saul.morgenstern@arnoldporter.com
margaret.rogers@arnoldporter.com
amanda.croushore@arnoldporter.com
kathryn.rosenberg@arnoldporter.com

Laura S. Shores
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC  20001
Tel:  (202) 942-5000
Fax:  (202) 942-5999
laura.shores@arnoldporter.com

*Counsel for Defendant Sandoz Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2019, I caused a copy of Sandoz' Answers and Affirmative Defenses to the Levothyroxine Consolidated Direct Purchaser Class Action Complaint to be filed electronically with the Clerk of Court by using the CM/ECF system, which will serve a copy on all counsel of record in the above-captioned action and is available for viewing and downloading from the ECF system.

*/s/ Saul P. Morgenstern*
Saul P. Morgenstern