## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| IN RE: LEVOTHYROXINE CASES | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: | LEAD CASE:  16-LV-27240<br>DIRECT CASE:  16-LV-27241 |
| *ALL LEVOTHYROXINE DIRECT PURCHASER ACTIONS* | JURY TRIAL DEMANDED |

## ANSWER BY MYLAN INC. AND MYLAN PHARMACEUTICALS, INC. TO CONSOLIDATED DIRECT PURCHASER CLASS ACTION COMPLAINT

Defendants Mylan Inc. and Mylan Pharmaceuticals, Inc. (collectively referred to as "Mylan") by and through its attorneys, hereby answers and submits affirmative defenses to the Consolidated Direct Purchaser Class Action Complaint ("Complaint") brought by Plaintiffs Ahold USA, Inc., César Castillo, Inc., FWK Holdings, L.L.C., KPH Healthcare Services, Inc., a/k/a Kinney Drugs, Inc., and Rochester Drug Co-Operative, Inc., on behalf of themselves and all others similarly situated ("Plaintiffs") as set forth below.

Mylan denies the allegations in the Complaint except as specifically admitted; denies any allegations as to which there is no specific response; denies all titles, headings, footnotes, subheadings, and any other material not contained in numbered paragraphs; and denies that it violated the laws as alleged in the Complaint.  The headings used in this Answer are those used in the Complaint and are intended for the convenience of the reader only.  Mylan further states that this Answer is solely on its behalf and is answering allegations only as to it.  Mylan lacks knowledge or information to form a belief about the truth of the allegations in the Complaint that are directed toward other Defendants and on that basis denies all such allegations.

## I.     INTRODUCTION

1.      Mylan admits that Plaintiffs purport to bring this civil action on behalf of certain individuals.  Mylan denies the remaining allegations of Paragraph 1.

2.      Denied.

3.      Denied.

4.      Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 and, therefore, denies those allegations.

5.      Mylan admits that Levothyroxine is a thyroid hormone used to treat hypothyroidism.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 5 and, therefore, denies those allegations.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.      Mylan admits that the Department of Justice filed complaints in cases No. 2:16-cr-00506-RB and No. 2:16-cr-00508-RBS in the U.S. District Court for the Eastern District of Pennsylvania, and refers to those complaints for their contents.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 10 and, therefore, denies those allegations.

11.      Mylan admits that the DOJ filed a motion for a stay of discovery in MDL 2724 containing the quoted language in Paragraph 11.  Mylan denies the remaining allegations of Paragraph 11.

12.      Denied.

13.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 and, therefore, denies those allegations.

14.     Denied.

15.     Paragraph 15 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 15.

## II.     JURISDICTION AND VENUE

16.     Paragraph 16 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 16.

17.     Paragraph 17 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 17.

18.     Paragraph 18 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 18.

19.     Paragraph 19 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 19.

## III.     PARTIES

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 and, therefore, denies those allegations.

26.     Admitted.

27.     Admitted.

28.     Mylan admits that Mylan Inc. and Mylan Pharmaceuticals, Inc. are wholly-owned indirect subsidiaries of Mylan N.V., a Dutch pharmaceutical company. Mylan further admits that Mylan Pharmaceuticals, Inc. sold Levothyroxine.  Mylan denies the remaining allegations of Paragraph 28.

29.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 and, therefore, denies those allegations.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

## IV.     INTERSTATE TRADE AND COMMERCE

36.     Denied.

37.     Mylan admits the allegations in Paragraph 37 as they relate to Mylan.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 37 and, therefore, denies those allegations.

38.     Paragraph 38 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 38.

39.     Paragraph 39 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 39.

40.     Paragraph 40 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 40.

41.     Paragraph 41 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 41.

42.     Paragraph 42 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 42.

## V.     FACTUAL ALLEGATIONS

43.     Mylan denies the factual allegations in Paragraph 43.  Paragraph 43 also contains legal conclusions to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 43.

44.     Mylan denies the factual allegations in Paragraph 44.  Paragraph 44 also contains legal conclusions to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 44.

45.     Mylan denies the factual allegations in Paragraph 45.  Paragraph 45 also contains legal conclusions to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 45.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Mylan admits that the Federal Trade Commission study referenced in the first sentence of Paragraph 49 contains the quoted language in Paragraph 49.  Mylan denies the remaining allegations of Paragraph 49.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Mylan denies the allegations in Paragraph 63 as they relate to Mylan.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 63 and, therefore, denies those allegations.

64.     Denied.

65.     Denied.

66.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 66 and, therefore, denies those allegations.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 70 and, therefore, denies those allegations.

71.     Denied.

72.     Denied.

73.   Denied.

74.   Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 74 and, therefore, denies those allegations.

75.   Denied.

76.   Denied.

77.   Denied.

78.   Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 78 and, therefore, denies those allegations.

79.   Denied.

80.   Denied.

81.   Denied.

82.   Denied.

83.   Denied.

84.   Denied.

85.   Denied.

86.   Denied.

87.   Denied.

88.   Denied.

89.   Denied.

90.   Denied.

91.   Mylan admits that the GPhA website contained the quoted language in Paragraph 91.  Mylan denies the remaining allegations of Paragraph 91.

92.     Mylan admits that the GPhA website contained the quoted language in Paragraph 92.  Mylan denies the remaining allegations of Paragraph 92.

93.     Mylan admits that it was a regular member of the GPhA during the Class Period and that the GPhA website contained the quoted language in Paragraph 93.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 93 and, therefore, denies those allegations.

94.     Mylan admits that Tony Mauro was a member of GPhA's Board of Directors in 2012, 2013, and 2014; that Marcie McClintic Coates was a member of GPhA's Board of Directors in 2015; and that Heather Bresch was a member of GPhA's Board of Directors in 2016.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 94 and, therefore, denies those allegations.

95.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 95 and, therefore, denies those allegations.

96.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 96 and, therefore, denies those allegations.

97.     Mylan admits that it was a member of the HDMA during the Class Period. Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 97 and, therefore, denies those allegations.

98.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 98 and, therefore, denies those allegations.

99.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 99 and, therefore, denies those allegations.

100.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 100 and, therefore, denies those allegations.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Mylan admits that Joseph Duda, Tony Mauro, and Robert Potter attended the meeting referenced in Paragraph 104.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 104 and, therefore, denies those allegations.

105.     Mylan admits that Joseph Duda and Kevin McElfresh attended the meeting referenced in Paragraph 105.  Mylan further admits that John Shane attended the event referenced in Paragraph 105 but denies that he was an employee of Mylan at the time of the referenced event.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 105 and, therefore, denies those allegations.

106.    Denied.

107.    Mylan admits that Joseph Duda, Kevin McElfresh, Robert Potter, and Sean Reilly attended the meeting referenced in Paragraph 107.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 107 and, therefore, denies those allegations.

108.    Denied.

109.    Mylan admits that Joseph Duda, Robert Potter and Rob O'Neill attended the meeting referenced in Paragraph 109.  Mylan lacks knowledge or information sufficient to form

a belief about the truth of the remaining allegations contained in Paragraph 109 and, therefore, denies those allegations.

110.    Mylan admits that Andrea Miller and Marcie McClintic Coates attended the meeting referenced in Paragraph 110.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 110 and, therefore, denies those allegations.

111.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 111 and, therefore, denies those allegations.

112.    Mylan admits that Tony Mauro, Joseph Duda and Robert Potter attended the meeting referenced in Paragraph 112.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 112 and, therefore, denies those allegations.

113.    Mylan admits that Joseph Duda, Tony Mauro, Robert Potter, and John Munson attended the meeting referenced in Paragraph 113.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 113 and, therefore, denies those allegations.

114.    Mylan admits that Joseph Duda attended the meeting referenced in Paragraph 114.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 114 and, therefore, denies those allegations.

115.    Denied.

116.    Mylan admits that Joseph Duda, Tony Mauro, Kevin McElfresh, and Sean Reilly attended the meeting referenced in Paragraph 116.  Mylan lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 116 and, therefore, denies those allegations.

117.     Mylan admits that Robert Potter attended the meeting referenced in Paragraph 117.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 117 and, therefore, denies those allegations.

118.     Denied.

119.     Denied.

120.     Denied.

121.     Denied.

122.     Denied.

123.     Denied.

124.     Denied.

125.     Denied.

126.     Denied.

127.     Denied.

128.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 128 and, therefore, denies those allegations.

129.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 129 and, therefore, denies those allegations.

130.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 130 and, therefore, denies those allegations.

131.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 131 and, therefore, denies those allegations.

132.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 132 and, therefore, denies those allegations.

133.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 133 and, therefore, denies those allegations.

134.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 134 and, therefore, denies those allegations.

135.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 135 and, therefore, denies those allegations.

136.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 136 and, therefore, denies those allegations.

137.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 137 and, therefore, denies those allegations.

138.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 138 and, therefore, denies those allegations.

139.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 139 and, therefore, denies those allegations.

140.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 140 and, therefore, denies those allegations.

141.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 141 and, therefore, denies those allegations.

142.     Mylan admits that Plaintiffs purport to quote from an earnings call held on October 25, 2012, but denies that Plaintiffs accurately and/or completely quote from that call and

refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 142.

143.     Mylan admits that Plaintiffs purport to quote from an earnings call held on February 27, 2013, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 143.

144.     Mylan admits that Plaintiffs purport to quote from an earnings call held on May 2, 2013, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 144.

145.     Mylan admits that Plaintiffs purport to quote from an earnings call held on May 1, 2014, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 145.

146.     Mylan admits that Plaintiffs purport to quote from an earnings call held on August 7, 2014, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 146.

147.     Mylan admits that Plaintiffs purport to quote from an earnings call held on October 30, 2015, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 147.

148.    Mylan admits that Plaintiffs purport to quote from an earnings call held on October 30, 2015, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 148.

149.    Mylan admits that Plaintiffs purport to quote from an earnings call held on February 10, 2016, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 149.

150.    Denied.

151.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 151 and, therefore, denies those allegations.

152.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 152 and, therefore, denies those allegations.

153.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 153 and, therefore, denies those allegations.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 158 and, therefore, denies those allegations.

159.    Mylan admits that Senator Bernie Sanders and Representative Elijah E. Cummings sent a letter to Mylan. Mylan lacks knowledge or information sufficient to form a

belief about the truth of the remaining allegations contained in Paragraph 159 and, therefore, denies those allegations.

160.    Denied.

161.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 161 and, therefore, denies those allegations.

162.    Denied.

163.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 163 and, therefore, denies those allegations.

164.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 164 and, therefore, denies those allegations.

165.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 165 and, therefore, denies those allegations.

166.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 166 and, therefore, denies those allegations.

167.    Mylan admits that the SEC filing referenced in Paragraph 167 contains the quoted language in Paragraph 167, but denies that the subpoena was "disclosed in a 2016 filing with the United States Securities and Exchange Commission (SEC)."  Mylan denies the remaining allegations of Paragraph 167.

168.    Mylan admits that the quarterly report referenced in Paragraph 168 contains the quoted language in Paragraph 168.  Mylan denies the remaining allegations of Paragraph 168.

169.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 169 and, therefore, denies those allegations.

170.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 170 and, therefore, denies those allegations.

171.     Denied.

172.     Denied.

173.     Denied.

174.     Mylan admits that the DOJ filed charges against Glazer and Malek.  Mylan denies the remaining allegations of Paragraph 174.

175.     Denied.

176.     Mylan admits that the DOJ has intervened in MDL 2724.  Mylan denies the remaining allegations of Paragraph 176.

177.     Mylan admits that the Division Update referenced in Paragraph 177 contains the quoted language in Paragraph 177.  Mylan denies the remaining allegations of Paragraph 177.

178.     Mylan admits that various States have filed complaints that are now pending in MDL 2724.  Mylan denies the remaining allegations of Paragraph 178.

179.     Denied.

180.     Mylan admits that various States made filings with the United States Judicial Panel on Multidistrict Litigation on May 16, 2017 and June 13, 2017.  Mylan denies the remaining allegations of Paragraph 180.

181.     Mylan admits that the article referenced in Paragraph 181 contains the quoted language in Paragraph 181. Mylan denies the remaining allegations of Paragraph 181.

182.     Mylan admits that the New York Attorney General issued a press release on December 15, 2016 containing the quoted language in Paragraph 182.  Mylan denies the remaining allegations of Paragraph 182.

183.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 183 and, therefore, denies those allegations.

## VI.     THE LEVOTHYROXINE MARKET IS HIGHLY SUSCEPTIBLE TO COLLUSION

184.     Paragraph 184 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 184.

185.     Denied.

186.     Denied.

## VII.     CLASS ACTION ALLEGATIONS

187.     Mylan admits that Plaintiffs purport to bring this action as a class action and purport to define the class as indicated in Paragraph 187.  Mylan denies that Plaintiffs meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Mylan denies the remaining allegations of Paragraph 187.

188.     Paragraph 188 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 188.

189.     Paragraph 189 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 189.

190.     Paragraph 190 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 190.

191.     Paragraph 191 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 191.

192.     Paragraph 192 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 192.

193.    Paragraph 193 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 193.

194.    Paragraph 194 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 194.

195.    Paragraph 195 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 195.

## VIII.   ANTITRUST INJURY

196.    Paragraph 196 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 196.

197.    Paragraph 197 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 197.

198.    Paragraph 198 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 198.

199.    Paragraph 199 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 199.

## IX.    CLAIM FOR RELIEF – VIOLATION OF SECTION 1 OF THE SHERMAN ACT

200.    Mylan incorporates by reference its responses to each preceding and succeeding paragraph as though fully set forth herein.

201.    Paragraph 201 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 201.

202.    Paragraph 202 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 202.

203.    Paragraph 203 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 203.

204.    Paragraph 204 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 204.

205.    Paragraph 205 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 205.

206.    Paragraph 206 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 206.

207.    Paragraph 207 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 207.

208.    Paragraph 208 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 208.

## X.    PRAYER FOR RELIEF

Mylan requests that the Court deny Plaintiffs' requested relief and enter judgment in its favor.

## XI.    JURY TRIAL DEMANDED

Mylan requests a jury trial on all claims so triable.

## AFFIRMATIVE DEFENSES

As stated in its Answer above, Mylan does not admit any liability, that Plaintiffs have been injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Nevertheless, Mylan pleads in the alternative the following affirmative defenses.  Mylan does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiffs.  Mylan incorporates by reference any defenses applicable to it that are asserted by any other Defendant as if fully set forth herein.

**FIRST DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to plead conspiracy or fraud with the particularity required under applicable law.

**THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no antitrust injury and/or do not have standing.

**FOURTH DEFENSE**

Plaintiffs' claims may not properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

**FIFTH DEFENSE**

Plaintiffs' claims are improperly joined within the meaning of the Federal Rules of Civil Procedure 20 or 23 because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences, and/or do not involve questions of law or fact common to all defendants.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**SEVENTH DEFENSE**

Plaintiffs' claims and the claims of any putative class members against Mylan are barred to the extent they have agreed to arbitration, chosen a different forum for the resolution of their

claims, or waived a jury trial.  This Court lacks jurisdiction to adjudicate any claim pertaining to those agreements.

## EIGHTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs have not suffered any actual injury or damage as a result of any conduct alleged as a basis of this lawsuit.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered injury proximately caused by any conduct on the part of Mylan.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are too remote or speculative to allow recovery, and because of the impossibility of ascertaining and allocating those alleged damages with reasonable certainty.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs and/or certain members of the putative class failed to take all necessary, reasonable, and appropriate actions to mitigate their alleged damages, if any.  Alternatively, any damages sustained by Plaintiffs and members of the purported plaintiff class, which Mylan denies, must be reduced by the amount that such damages would have been reduced had Plaintiffs and the members of the purported plaintiff class exercised reasonable diligence in mitigating their damages.

## TWELFTH DEFENSE

Plaintiffs attempt to allege a conspiracy spanning eight or more years that they claim resulted in their paying higher prices for the products in issue, but Plaintiffs allege no facts that explain or justify their delay in bringing this lawsuit.  To the extent Plaintiffs could have brought

essentially the same claims years earlier, Plaintiffs are barred from pursuing all or part of such a claim by the doctrines of estoppel and laches.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any injury or damages the Plaintiffs and members of the class may have suffered were caused solely or proximately by market conditions or the acts and omissions of others and not by any act or omission attributable to Mylan.

## FOURTEENTH DEFENSE

Plaintiffs' claims and those of members of the class are barred because the actions or practices of Mylan that are the subject of the Complaint were undertaken unilaterally for legitimate business reasons and in pursuant of Mylan's independent interests and those of its customers, and were not the result of any unlawful contract, combination or conspiracy between Mylan and any other person or entity.

## FIFTEENTH DEFENSE

Plaintiffs' claims and those of members of the class are barred because the alleged actions or practices of Mylan that are the subject of the Complaint were undertaken because of economic coercion.

## SIXTEENTH DEFENSE

Plaintiffs' claims and those of members of the putative class are barred to the extent any recovery would be duplicative of a recovery by other plaintiffs and in other lawsuits, subjecting Mylan to the possibility of multiple recovery which is barred by the United States Constitution.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because none of the alleged actions taken by Mylan injured competition in any relevant market.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because none of the alleged actions taken by Mylan harmed consumers.

## NINETEENTH DEFENSE

Mylan incorporates by reference all affirmative defenses asserted by other Defendants in this action.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred because Mylan's conduct was protected under the United States Constitution, including but not limited to the First Amendment.

Dated: March 15, 2019

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

<u>s/ *Chul Pak*</u>
Chul Pak
Jeffrey C. Bank
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
cpak@wsgr.com
jbank@wsgr.com

Seth C. Silber
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street, N.W., 5th Floor
Washington, D.C. 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
ssilber@wsgr.com

Adam K. Levin
Benjamin F. Holt
Justin W. Bernick
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
adam.levin@hoganlovells.com
benjamin.holt@hoganlovells.com
justin.bernick@hoganlovells.com

*Counsel for Defendants Mylan Inc. and Mylan
Pharmaceuticals, Inc.*

## **CERTIFICATE OF SERVICE**

I, Jeffrey C. Bank, hereby certify that on this 15th day of March, 2019, I caused

Defendant Mylan's Answer to the Consolidated Direct Purchaser Class Action Complaint to be

filed using the Court's ECF system thereby serving it electronically on all counsel of record.

_s/ Jeffrey C. Bank_
Jeffrey C. Bank