# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| IN RE: LEVOTHYROXINE CASES | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: | LEAD CASE: 16-LV-27240<br>DIRECT CASE: 16-LV-27241 |
| *ALL LEVOTHYROXINE DIRECT PURCHASER ACTIONS* | JURY TRIAL DEMANDED |
| AHOLD USA, INC.; CESAR CASTILLO, INC.; FWK HOLDINGS, L.L.C.; KPH HEALTHCARE SERVICES, INC., a/k/a KINNEY DRUGS, INC.; and ROCHESTER DRUG CO-OPERATIVE, INC.; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LANNETT COMPANY, INC.; MYLAN INC.; MYLAN PHARMACEUTICALS INC.; and SANDOZ, INC.,<br><br>Defendants. | |

## LANNETT COMPANY, INC.'S ANSWER TO CONSOLIDATED DIRECT PURCHASER CLASS ACTION COMPLAIN

Defendant Lannett Company, Inc. ("Lannett"), by and through its undersigned attorneys, hereby submits its Answer and Affirmative Defenses to the Consolidated Direct Purchaser Class Action Complaint (the "Complaint").   Lannett denies any allegations in the Complaint not specifically admitted herein, including any allegations contained in any of the headings, sub-headings, footnotes, and any other allegations not contained in a numbered paragraph.   The headings used in this Answer are taken from the Complaint and used for the convenience of the reader only.   Lannett lacks knowledge or information to form a belief as to the truth of the allegations in the Complaint directed towards other Defendants to this action, and those allegations are therefore denied.

## I.   INTRODUCTION

1.   It is admitted that Plaintiffs purport to bring this class action as described, but Lannett denies that Plaintiffs meet the perquisites for class certification under Federal Rule of Civil Procedure 23.

2.   Denied.

3.   Denied.

4.   Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

5.   Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

6.   Denied.

7.   Denied.

8.   It is admitted only that Lannett received a subpoena from the DOJ.   The remainder of the allegations of this paragraph are denied.

9.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

10.     It is admitted only that the referenced charges were filed, which speak for themselves.   Lannett lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

11.     It is admitted only that the DOJ filed a motion for a stay of discovery in MDL 2724, which speaks for itself.   The remainder of the allegations of this paragraph are denied.

12.     It is admitted only that the referenced complaint and amended complaint were filed, and they speak for themselves.   Lannett lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

13.     It is admitted only that Pfizer made an SEC filing on August 10,  2017, which speaks for itself.   The remainder of the allegations of this paragraph are denied.

14.     Denied.

15.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.

## II.     JURISDICTION AND VENUE

16.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.

17.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.

18.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.

19.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.

III.   **PARTIES**

20.   Denied.

21.   Denied.

22.   Denied.

23.   Denied.

24.   Denied.

25.   Admitted.

26.   Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

27.   Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

28.   Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

29.   Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

30.   Denied.

31.   Denied.

32.   Denied.

33.   Denied.

34.   Denied.

35.   Denied.

IV.   **INTERSTATE TRADE AND COMMERCE**

36.   Denied.

37.     It is admitted only that Jerome Stevens manufactures Levothyroxine in the United States which Lannett markets and distributes solely in the United States.  Lannett lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

38.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.

39.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.

40.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.

41.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.

42.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.

## V.     FACTUAL ALLEGATIONS

43.     Denied.

44.     Denied.

45.     It is admitted that the FDA has in place an ANDA process through which a generic manufacturer can apply for approval to market a generic pharmaceutical in the United States.  The remainder of the allegations of this paragraph are denied.

46.     Denied.

47.     Denied.

48.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     It is admitted only that Lannett maintains a Wholesale Acquisition Cost price for levothyroxine that is publicly reported.  Lannett lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

53.     Denied.

54.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

55.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

56.     Denied.

57.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

63.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

64.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

65.     Denied.

66.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

67.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

68.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

69.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

70.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

71.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

72.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

73.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     It is admitted only that Plaintiffs refer to federal laws and FDA documents, all of which speak for themselves.  Lannett lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

92.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

93.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

94.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

95.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

96.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

97.     It is admitted only that Lannett was a member of HDMA.  Lannett lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

98.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

99.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

100.     Lannett admits only that it has attended certain ECRM meetings.  Lannett lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

101.     Denied.

102.     Denied.

103.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

104.     Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

105.    It is admitted only that Kevin Smith and Tracy Sullivan attended this meeting. It is denied that Grace Wilks attended this meeting on behalf of Lannett.  Lannett lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

106.    Denied.

107.    It is admitted only that Kevin Smith attended this meeting.  On information and belief, Justin McManus also attended this meeting.  Lannett lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

108.    Denied.

109.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

110.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

111.    It is admitted only that Kevin Smith attended this meeting.  On information and belief, Justin McManus also attended this meeting.  Lannett lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

112.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

113.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

114.    It is admitted only that Kevin Smith and Tracy Sullivan attended this meeting.  It is denied that Grace Wilks attended this meeting on behalf of Lannett.  Lannett lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

115.    Denied.

116.    It is admitted only that Kevin Smith and Tracy Sullivan attended this meeting.  On information and belief, it is admitted that Justin McManus attended this meeting.  Lannett lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

117.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

118.    Denied.

119.    It is admitted only that Lannett representatives attended the the ECRM's annual Retail Pharmacy Efficient Program Planning Session at the Hilton Sandestin Beach Golf Resort & Spa in Destin, Florida on February 22-25, 2015; the June 7-10, 2015 HDMA BLC in San Antonio, Texas; the August 22-25, 2015 NACDS Total Store Expo in Denver, Colorado; the June 12-16, 2016 HDMA BLC in Colorado Springs, Colorado; and the August 6-9, 2016, NACDS 2016 Total Store Expo in Boston, Massachusetts.

120.    Denied.

121.    Denied.

122.    It is admitted only that Lannett is headquartered in Philadelphia, Pennsylvania.  The remainder of the allegations of this paragraph are denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    It is admitted only that during the February 7, 2013 earnings call, Bedrosian made the quoted statements.  By way of further answer, this statement was made in response to a question from an analyst asking Bedrosian to specifically identify the products where Lannett increased prices, and he declined to do so.

129.    It is admitted only that during the September 10, 2013 earnings call, Bedrosian made the quoted statements.  The remaining allegations of this paragraph are denied.  By way of further answer, during that same earnings call, Bedrosian also made a number of comments that put the price increases into context, including citing the significant rising costs of manufacturing generic drugs.  Bedrosian also explained why Lannett had to make a profit wherever it could:  "We believe we have to sell our products for a price that we can make a profit.  That profit has to cover all the costs that we incur to make the product, as well as what we expect to incur for product development of enhancements to those products."

130.    Denied as stated.  By way of further answer, Bedrosian made explicitly clear after making the "thank you note" remark that he was "just kidding."  Further, during the September 10, 2013 earnings call, Bedrosian, in response to a question about pricing dynamics for Levothyroxine, is as follows:  "I'm always grateful to see responsible generic drug companies realize that our costs of doing business is going up as well.  As everyone knows, the FDA has some new requirements for stability work on generic drug products that is going to cost a lot of money, you got your PDUFA fees on top of that.  So whenever people start acting responsibly and raise

prices as opposed to the typical spiral down of generic prices, I'm grateful.  Because Lannett tends to be active in raising prices.  We believe we have to sell our products for a price that we can make a profit.  That profit has to cover all the costs that we incur to make the product, as well as what we expect to incur for product development of enhancements to those products.  So I'm grateful to see price increases."

131.    Denied as stated.  By way of further answer, Bedrosian also detailed in that September 10, 2013 earnings call the large expenses Lannett and other generic manufacturers face, and how those costs impacted the price of generic pharmaceuticals.

132.    It is admitted only that during the November 7, 2013 earnings call, Bedrosian made the quoted statement.  By way of further answer, this statement was in responses to a question, generally, about the risks that Lannett faced as a company.   The remainder of the allegations in this paragraph are denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied as stated.

138.    Denied as stated.  It is admitted only that Bedrosian made clear that the price increases were tied to significant rising costs that were impacting all generic manufacturers:  "It's my understanding that the entire generic marketplace has probably looked at the cost structure of our ANDA going forward and have realized that to be in a competitive marketplace may mean if we sell on price we won't be in business in the future.  The cost to follow an ANDA, in my estimation, is probably quadrupled and I'm putting together some statistics to prove that because

there's been a lot of changes in the marketplace.  I mean, if you just look at the latest budget from Obama, he's increasing use of these.  So what we're having is, every time you turn around, the cost of file an ANDA, the cost to do business with the FDA is going up and up and up.  The PDUFA fees for your convertible products – the products that are grandfathered, converting to license products, the PDUFA fees are close to $3 million now.  When we did our marketing [indiscernible], it was only $1 million.  So all of the fees, all the expenses go up and up and up.  And we look at these prices increases as being sustainable because everybody is faced with these same costs.  The PDUFA fees, as we now know, are not going to go down."

139.    Denied.

140.    Denied.

141.    It is admitted only that at certain times during the proposed Class Period, Lannett reported rising revenues for its United States generics business.

142.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

143.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

144.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

145.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

146.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

147.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

148.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

149.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

150.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

151.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

152.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

153.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

159.    It is admitted only that Senator Sanders and Representative Cummings sent a letter to Lannett dated October 2, 2014, which speaks for itself.  Lannett lacks sufficient knowledge or

information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

160.   It is admitted only that Senator Sanders and Representative Cummings issued a joint press release on or about October 2, 2014, and that press release speaks for itself.

161.   Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

162.   Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

163.   Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

164.   Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

165.   Denied.

166.   It is admitted only that Lannett issued a press release on July 16, 2014 regarding a subpoena it received from the Connecticut Attorney General, and that Lannett also issued a quarterly report on November 3, 2014 regarding receipt of certain subpoenas.  Those documents speak for themselves.  The remaining allegations of this paragraph are denied.

167.   Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

168.   Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

169.   Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

170.    Lannett lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    It is admitted only that the charges against Malek and Glazer were filed, and those charges speak for themselves.

175.    It is admitted only that the charges against Malek and Glazer were filed, and those charges speak for themselves.  Lannett lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

176.    It is admitted only that the DOJ has intervened in MDL 2724 and certain other related civil actions, and the referenced filings speak for themselves.  The remaining allegations of this paragraph are denied.

177.    It is admitted that the DOJ Spring 2017 Division Update contained the statements alleged.

178.    It is admitted only that various States have filed complaints that are now pending in MDL 2724, and those complaints speak for themselves.  The remainder of the allegations of this paragraph are denied.

179.    It is admitted only that the Connecticut Attorney General issued the referenced press release, which speaks for itself.  The remainder of the allegations of this paragraph are denied.

180.    It is admitted only that various States made filings with the United States Judicial Panel on Multidistrict Litigation on May 16, 2017 and June 13, 2017, and those filings speak for themselves.  The remainder of the allegations of this paragraph are denied.

181.    Denied.

182.    It is admitted only that the New York Attorney General issued a press release on December 15, 2016, which speaks for itself.  The remainder of the allegations of this paragraph are denied.

183.    Admitted.

## VI.    THE LEVOTHYROXINE MARKET IS HIGHLY SUSCEPTIBLE TO COLLUSION

184.    Denied.

185.    Denied.

186.    Denied.

## VII.    CLASS ACTION ALLEGATIONS

187.    It is admitted only that Plaintiffs purport to bring this case as a proposed class action with the alleged proposed class definition, but Lannett denies that Plaintiffs meet the pre-requisites for class certification under Federal Rule of Civil Procedure 23.  The remainder of the allegations of this paragraph are denied.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

**VIII.   ANTITRUST INJURY**

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

**IX.    CLAIM FOR RELIEF – VIOLATION OF SECTION 1 OF THE SHERMAN ACT**

200.    Lannett repeats its answers to the foregoing allegations as though fully set forth

herein.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

**X.    PRAYER FOR RELIEF**

Lannett denies that Plaintiffs are entitled to any of the relief requested.  Lannett requests

that the Court enter judgment in its favor.

**XI.    JURY TRIAL DEMANDED**

Lannett requests a jury trial on all claims so triable.

## AFFIRMATIVE DEFENSES

Lannett sets forth below its affirmative defenses.  Each affirmative defense is asserted as to all claims against Lannett.  By setting forth these affirmative defenses, Lannett does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiffs' allegations.  Further, Lannett reserves the right to assert any and all applicable defense to the Plaintiffs' claims.  Lannett has not yet obtained discovery from Plaintiffs or others in connection with this action, and Lannett therefore reserves the right to amend or otherwise supplement this pleading.

As separate and distinct affirmative defenses, Lannett asserts the following:

### FIRST AFFIRMATIVE DEFENSE

1.      Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class lack Article III and statutory standing to assert their claims.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiffs have not suffered any actual injury or damage as a result of any conduct alleged as a basis of this lawsuit.

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered injury proximately caused by any conduct on the part of Lannett.

## SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate damages, if any, allegedly suffered as a result of the conduct they allege.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are too remote and speculative and because of the impossibility of proof as to those damages.

## EIGHTH AFFIRMATIVE DEFENSE

8.     To the extent Plaintiffs' claims would result in Lannett paying damages to more than one claimant for the same alleged overcharge, they are barred because such multiple liability would violate rights guaranteed Lannett by the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fifth and Fourteenth Amendments.

## NINTH AFFIRMATIVE DEFENSE

9.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom Lannett had no control, which constitute intervening or superseding causes of harm.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Any and all of Lannett's actions alleged by Plaintiffs were unilateral, consistent with its independent self-interest and the operation of a competitive marketplace, and lawful.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiffs' claims are barred, in whole or in part, because the acts or omissions of Lannett

did not substantially lessen competition in any properly defined market.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     This action may not be maintained as a class action.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Lannett adopts by reference any additional, applicable defense pleaded by any other

Defendant in this matter.

Dated: March 15, 2019

*/s/ Ryan T. Becker*
Gerald E. Arth
Ryan T. Becker
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Tel: (215) 299-2000
Fax: (215) 299-2150
garth@foxrothschild.com
rbecker@foxrothschild.com

George G. Gordon
Stephen D. Brown
Julia Chapman
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104-2808
Tel: (215) 994-2382
Fax: (215) 655-2240
george.gordon@dechert.com
stephen.brown@dechert.com
julia.chapman@dechert.com

*Counsel for Lannett Company, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Ryan T. Becker, certify that on this 15th day of March, 2019, I caused Lannett Company, Inc.'s Answer to Consolidated Direct Purchaser Class Action Complaint to be filed using the Court's ECF system thereby serving it electronically on all counsel of record.

<u>*/s/ Ryan T. Becker*</u>
Ryan T. Becker